1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   ABDIWALI MUSSE,                                    CASE NO. C18-1736-JCC

10                          Plaintiff,                 ORDER

11          v.

12  WILLIAM HAYES, *et al.*,

13                          Defendants.

14

15          Pursuant to the parties' stipulation and proposed order (Dkt. No. 12), the Court ENTERS

16  the following protective order:

17          1.      PURPOSES AND LIMITATIONS

18          Discovery in this action is likely to involve production of confidential, proprietary, or

19  private information for which special protection may be warranted. Discovery in this action will

20  also involve the production of a large volume of electronic and hard copy data that may be

21  confidential and covered by the attorney-client privilege or work product protection.

22  Accordingly, the parties hereby stipulate to and petition the Court to enter the following

23  stipulated protective order.

24          The parties acknowledge that this agreement is consistent with Local Civil Rule 26(c). It

25  does not confer blanket protection on all disclosures or responses to discovery, the protection it

26  affords from public disclosure and use extends only to the limited information or items that are

1  entitled to confidential treatment under the applicable legal principles, and it does not

2  presumptively entitle the parties to file confidential information under seal.

3         2.     "CONFIDENTIAL" MATERIAL

4         "Confidential" material shall include the following documents and tangible things

5  produced or otherwise exchanged: (a) King County Department of Adult Detention inmate

6  records for Carl Alan Anderson, date of birth June 16, 1983; (b) King County Jail Health

7  Services records, including STD and Substance Abuse records, for Carl Alan Anderson, date of

8  birth June 16, 1983; (c) Plaintiff's medical records; (d) King County Department of Adult

9  Detention inmate records for Abdiwali Musse, date of birth February 1, 1971; (e) King County

10 Jail Health Services records, including STD and Substance Abuse records, for Abdiwali Musse,

11 date of birth February 1, 1971; and (f) all other documents which the parties subsequently agree

12 should be classified as confidential.

13        The parties agree that additional categories may be added by written agreement of the

14 parties, including by email agreement.

15        3.     SCOPE

16        The protections conferred by this agreement cover not only confidential material (as

17 defined above), but also: (1) any information copied or extracted from confidential material; (2)

18 all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

19 conversations, or presentations by parties or their counsel that might reveal confidential material.

20 However, the protections conferred by this agreement do not cover information that is in the

21 public domain or becomes part of the public domain through trial or otherwise.

22        4.     ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

23        4.1    Basic Principles. A receiving party may use confidential material that is disclosed

24 or produced by another party or by a non-party in connection with this case only for prosecuting,

25 defending, or attempting to settle this litigation. Confidential material may be disclosed only to

26 the categories of persons and under the conditions described in this agreement. Confidential

1  material must be stored and maintained by a receiving party at a location and in a secure manner

2  that ensures that access is limited to the persons authorized under this agreement.

3      4.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

4  ordered by the Court or permitted in writing by the designating party, a receiving party may

5  disclose any confidential material only to:

6          (a)  The receiving party's counsel of record in this action, as well as employees of

7  counsel to whom it is reasonably necessary to disclose the information for this litigation;

8          (b)  The officers, directors, and employees (including in-house counsel) of the

9  receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

10 agree that a particular document or material produced is for Attorney's Eyes Only and is so

11 designated;

12         (c)  Experts and consultants to whom disclosure is reasonably necessary for this

13 litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14         (d) The Court, court personnel, and court reporters and their staff;

15         (e)  Copy or imaging services retained by counsel to assist in the duplication of

16 confidential material, provided that counsel for the party retaining the copy or imaging service

17 instructs the service not to disclose any confidential material to third parties and to immediately

18 return all originals and copies of any confidential material;

19         (f)  During their depositions and/or interviews, witnesses in the action to whom

20 disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement

21 to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the

22 Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal

23 confidential material must be separately bound by the court reporter and may not be disclosed to

24 anyone except as permitted under this agreement; and

25         (g)  The author or recipient of a document containing the information or a

26 custodian or other person who otherwise possessed or knew the information.

1   4.3   Filing Confidential Material.  Before filing confidential material or discussing or

2   referencing such material in court filings, the filing party shall confer with the designating party

3   to determine whether the designating party will remove the confidential designation, whether the

4   document can be redacted, or whether a motion to seal or stipulation and proposed order is

5   warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the

6   standards that will be applied when a party seeks permission from the Court to file material

7   under seal.

8         5.   DESIGNATING PROTECTED MATERIAL

9         5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each party

10  or non-party that designates information or items for protection under this agreement must take

11  care to limit any such designation to specific material that qualifies under the appropriate

12  standards. The designating party must designate for protection only those parts of material,

13  documents, items, or oral or written communications that qualify, so that other portions of the

14  material, documents, items, or communications for which protection is not warranted are not

15  swept unjustifiably within the ambit of this agreement.

16        Mass, indiscriminate, or routinized designations are prohibited. Designations that are

17  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

18  unnecessarily encumber or delay the case development process or to impose unnecessary

19  expenses and burdens on other parties) expose the designating party to sanctions.

20        If it comes to a designating party's attention that information or items that it designated

21  for protection do not qualify for protection, the designating party must promptly notify all other

22  parties that it is withdrawing the mistaken designation.

23        5.2   Manner and Timing of Designations.  Except as otherwise provided in this

24  agreement (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

25  ordered, disclosure or discovery material that qualifies for protection under this agreement must

26  be clearly so designated before or when the material is disclosed or produced.

1            (a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and

2  deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

3  the designating party must affix the word "CONFIDENTIAL" to each page that contains

4  confidential material. In the event that marking material with the word "CONFIDENTIAL" is

5  not feasible, such as with native-format ESI files, the producing party will give reasonable notice

6  of the files designated confidential, either by adding the letter "C" to the file name or producing a

7  separate list of files designated confidential.

8            (b) <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: The

9  parties must identify on the record, during the deposition, hearing, or other proceeding, all

10  protected testimony, without prejudice to their right to so designate other testimony after

11  reviewing the transcript. Any party or non-party may, within fifteen days after receiving a

12  deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

13            (c) <u>Other tangible items</u>: The producing party must affix in a prominent place on

14  the exterior of the container or containers in which the information or item is stored the word

15  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

16  the producing party, to the extent practicable, shall identify the protected portion(s).

17      5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

18  designate qualified information or items does not, standing alone, waive the designating party's

19  right to secure protection under this agreement for such material. Upon timely correction of a

20  designation, the receiving party must make reasonable efforts to ensure that the material is

21  treated in accordance with the provisions of this agreement.

22      6.       <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

23      6.1     <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of

24  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

25  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

26  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without the Court's involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) Promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

1    (c) Cooperate with respect to all reasonable procedures sought to be pursued by

2    the designating party whose confidential material may be affected.

3    8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4    If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

5    material to any person or in any circumstance not authorized under this agreement, the receiving

6    party must immediately (a) notify in writing the designating party of the unauthorized

7    disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

8    (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

9    this agreement, and (d) request that such person or persons execute the "Acknowledgment and

10   Agreement to Be Bound" (Exhibit A).

11   9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

12   PROTECTED MATERIAL

13   When a producing party gives notice to receiving parties that certain inadvertently

14   produced material is subject to a claim of privilege or other protection, the obligations of the

15   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

16   provision is not intended to modify whatever procedure may be established in an e-discovery

17   order or agreement that provides for production without prior privilege review. The parties

18   agree to the entry of a non-waiver order under Federal Rule of Evidence 502(d), as set forth

19   herein.

20   10.    NON-TERMINATION AND RETURN OF DOCUMENTS

21   Within 60 days after the termination of this action, including all appeals, each receiving

22   party must return all confidential material to the producing party, including all copies, extracts

23   and summaries thereof.  Alternatively, the parties may agree upon appropriate methods of

24   destruction.

25   Notwithstanding this provision, counsel are entitled to retain one archival copy of all

26   documents filed with the Court, trial, deposition, and hearing transcripts, correspondence,

1    deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

2    work product, even if such materials contain confidential material.

3           The confidentiality obligations imposed by this agreement shall remain in effect until a

4    designating party agrees otherwise in writing or a court orders otherwise.

5    //

6    //

7    //

8    //

9    //

10   //

11   //

12   //

13   //

14   //

15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

1

2    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3    DATED this 5th day of March, 2019.

4

5    DANIEL T. SATTERBERG
     King County Prosecuting Attorney

6

7    (*See* Dkt. No. 12 at 9.)_____
     KIMBERLY Y. FREDERICK, WSBA #37857

8    Senior Deputy Prosecuting Attorney
     Attorneys for King County Defendants

9

10

11   (*See* Dkt. No. 12 at 9.)_____
     JAY H. KRULEWITCH, WSBA #17612

12   Attorney for Plaintiff Abdiwali Musse

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
C18-1736-JCC
PAGE - 9

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2        It is further ORDERED that pursuant to Federal Rule of Evidence 502(d), the production

3    of any documents in this proceeding shall not, for the purposes of this proceeding or any other

4    federal or state proceeding, constitute a waiver by the producing party of any privilege applicable

5    to those documents, including the attorney-client privilege, attorney work-product protection, or

6    any other privilege or protection recognized by law.

7        DATED this 14th day of March 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

EXHIBIT A

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on_____

[date] in the case of *Abdiwali Musse v. William Hayes, et al.*, C18-1736-JCC.  I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____