Honorable Judge John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ABDIWALI MUSSE, <br><br> Plaintiffs, <br><br> vs. <br><br> WILLIAM HAYES, Director of King County Department of Adult and Juvenile Detention, in his individual and official capacity, J. DOES ONE THROUGH FIVE, in their individual and official capacity, and KING COUNTY, a county of the State of Washington <br><br> Defendants. | No. 2:18-cv-01736-JCC <br><br> DEFENDANTS' BRIEF RE: DEPOSITION OF GORDON GAYNOR |

## I.   INTRODUCTION

Defendants William Hayes and King County (collectively "King County Defendants") are responding to a minute order from the Honorable John C. Coughenour, that requested briefing regarding the deposition of Gordon Gaynor. For the reasons outline below, the King County Defendant believe the issue is not properly before this Court at this time and is moot.

## II.   STATEMENT OF FACTS

On August 12, 2020, plaintiff sent an email requesting to depose Officer Gordon Gaynor, who was the Acting Sergeant on the night of the incident. Declaration of Jerry Taylor ¶2. Counsel for the defendants responded stating that he would contact Officer

DEFENDANTS' BRIEF RE: DEPOSITION OF
GORDON GAYNOR - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

Gaynor and request his availability. *Id.* On September 1, 2020, defense counsel emailed plaintiff's counsel to inform him that Officer Gaynor was out on leave since June and it was unclear if he would be returning to work. *Id.* at ¶3. Plaintiff's counsel followed up asking for additional information regarding Officer Gaynor. *Id.* On September 8, 2020, defense counsel stated he would follow-up with Human Resources (HR) to confirm what additional information could be disclosed regarding Officer Gaynor's medical condition. *Id.* at ¶4. On September 21, 2020, defense counsel sent an email to plaintiff's counsel informing him that Officer Gaynor has no plans to return to work and that he is in the process of applying for medical separation or medical retirement from King County. *Id.* at ¶5. On September 25, 2020, plaintiff's counsel responded that the information from King County regarding Officer Gaynor's condition was insufficient and requested a discovery conference. *Id.* at ¶6. Plaintiff's counsel did not serve King County with a subpoena duces tecum or any formal discovery requests related to Officer Gaynor's medical condition. On November 6, 2020, plaintiff's counsel sent an email following the entry of this Court's order requesting briefing on this issue requesting Officer Gaynor's contact information in order to serve him with a subpoena. *Id.* at ¶7.

### III.   AUTHORITY

Federal Rule of Civil Procedure 30 (a)(1) authorizes a party to take the depositions of any person without leave of the court. Further, "the deponent's attendance may be compelled by subpoena under Rule 45." *Id.* If the deponent disregards the subpoena they can be held in contempt. FRCP 45 (g). The Ninth Circuit has "recognized Fed. R. Civ. P. 37(a) encompasses an order to attend a deposition." *Sali v. Corona Regional Medical Center*, 884. F.3d 1218 (9th Cir. 2018). In this case, defense counsel stated that based on the information that he received regarding Officer Gaynor's medical condition, that the witness could not sit for a deposition. Despite being dissatisfied with King County's position regarding disclosure of Officer Gaynor's medical condition, plaintiff's counsel

DEFENDANTS' BRIEF RE: DEPOSITION OF
GORDON GAYNOR - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

decided not to serve a deposition subpoena or file a motion to compel. Therefore, King County believes the matter is not ripe for this Court's review. However, plaintiff's counsel to-date has not provided any dates for Officer Gaynor's deposition. *Id.* Based on Officer Gaynor's willingness to attend a deposition, King County believes this matter is now moot. However, King County reserves the right to seek a protective order if before or during Officer Gaynor's deposition it becomes apparent that there are issues regarding his capacity.

DATED this 10th day of November, 2020.

        DANIEL T. SATTERBERG
        King County Prosecuting Attorney

        By: */s/ JERRY L. TAYLOR*_____
        JERRY L. TAYLOR, WSBA #40739
        Senior Deputy Prosecuting Attorney
        500 Fourth Ave., 9th Floor
        Seattle, WA.  98104
        Telephone: (206) 296-8820
        Fax: (206) 296-8819
        E-Mail: jerry.taylor@kingcounty.gov
        Attorney for King County Defendants

DEFENDANTS' BRIEF RE: DEPOSITION OF GORDON GAYNOR - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

**CERTIFICATE OF FILING AND E-SERVICE**

I hereby certify that on November 10, 2020, I electronically filed the foregoing document with the Clerk of the Court using the electronic filing system and by agreement of the parties a copy was served electronically on the following:

Jay H. Krulewitch
2611 NE 113th St., Suite 300
Seattle, WA 98125
(206)233-0828
jay@krulewitchlaw.com

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 10th day of November, 2020.

_____
ANGELA LINDSEY
Legal Secretary
King County Prosecuting Attorney's Office

DEFENDANTS' BRIEF RE: DEPOSITION OF
GORDON GAYNOR - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819