Honorable Judge John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ABDIWALI MUSSE,<br><br>                              Plaintiffs,<br><br>        vs.<br><br>WILLIAM HAYES, Director of King County<br>Department of Adult and Juvenile Detention, in his<br>individual and official capacity, J. DOES ONE<br>THROUGH FIVE, in their individual and official<br>capacity, and KING COUNTY, a county of the<br>State of Washington<br><br>                              Defendants. | No. 2:18-cv-01736-JCC<br><br>KING COUNTY'S RESPONSE TO<br>PLAINTIFF'S MOTION FOR<br>SANCTIONS<br><br>*Noted for:  Friday, September 24, 2021*<br>*Oral Argument Requested by Plaintiff* |

## I.      INTRODUCTION

Plaintiff sued King County and Director William Hayes on October 15, 2018, almost three years after Plaintiff was assaulted on November 1, 2015.  Notice of the lawsuit was given on April 27, 2018.  Any potential video evidence had long since been overwritten in the normal course of video operations.  Sanctions should not be awarded when there is no evidence of spoliation and no bad faith on the part of the Defendant.  In addition, Plaintiff cannot show prejudice from the lack of video.  Accordingly, Defendant respectfully requests that Plaintiff's motion for sanctions be denied.

## II.      STATEMENT OF FACTS

On November 1, 2015, Abdiwali Musse was assaulted while sleeping by another

KING COUNTY'S RESPONSE TO MOTION FOR
SANCTIONS [2:18-cv-01736-JCC] - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   inmate in the King County Correctional Facility (hereinafter "KCCF"). *Dkt*. 2, *Ex. A*., *Complaint*.

2   The location of the assault was the 9th floor of KCCF. *Id., ¶ 3.2*. The perpetrator of the assault, Carl

3   Anderson, was convicted and sentenced to 51 months in the Department of Corrections. *Declaration*

4   *of Amy Montgomery*, ¶ 7. Immediately after the incident, the officers who were present wrote

5   reports. Those officers: Heerspink, Heberling, Mendez, and Acting Sergeant Gaynor, have all been

6   deposed in the course of this litigation and testified to their observations. *Id*., ¶¶ 9-12. The assault

7   was assigned to KCCF officer Kurt Stark for a follow-up investigation. He referred the matter to the

8   King County Prosecuting Attorney's Office on February 1, 2016. *Id., ¶ 8*.

9       Video cameras were installed on the 9th floor of the KCCF between August and December

10  2014. *Id., Ex. A*, *Deposition of Paul Allyn,* (hereinafter "*Allyn Dep*")17:16-18:10. There were two

11  cameras in the cell where Mr. Musse was assaulted that would have captured much of the incident.

12  *Id.,* 23:11 – 24:14. Video footage was not retained of this incident. Pursuant to retention schedule,

13  the footage is overwritten after 60 days. *Id.* 44:3-12. The images captured by the video are able to

14  capture major characteristics and movements. *Id.,* 60:9-23. Not a lot of facial detail is captured.

15  *Id.,* 60:20. Per Allyn, "it's not that good." *Id.,* 60:20-21. Only video is recorded. No audio

16  recordings would have been made. *Montgomery Decl., Ex. B, Deposition of Gregory Egashira*,

17  23:7-13; *Allyn Dep.,* 59:25-60:4.

18      Plaintiff signed a claim form on April 26, 2018, which was received by the Clerk's Office on

19  April 27, 2018. This lawsuit was filed on October 15, 2018. *Dkt. 2, Ex. A, Complaint; Dkt. 1,*

20  *Notice of Removal,* ¶ 1.

21

22

23

KING COUNTY'S RESPONSE TO MOTION FOR
SANCTIONS [2:18-cv-01736-JCC] - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

1

### III.   STATEMENT OF ISSUES

2

Should this Court deny Plaintiff's motion when there is no evidence of spoliation, given that

3

any potential evidence was destroyed in the normal course of business far before there was any

4

indication of that a lawsuit would be filed?  Yes.

5

Are sanctions inappropriate when there is no evidence of prejudice to the plaintiff?  Yes.

6

### IV.   EVIDENCE RELIED UPON

7

Defendant King County relies upon the pleadings on file herein, as well as the Declaration

8

Amy Montgomery, with attachments.

9

### V.   ARGUMENT AND AUTHORITY

10

#### A.   Standard of Review

11

Spoliation is the "destruction or significant alteration of evidence or the failure to preserve

12

property for another's use as evidence, in pending or future litigation." *Kearney v. Foley &* Lardner,

13

LLP., 590 F.3d 638, 649 (9th Cir. 2009).

14

There is a mental state attached to spoliation.  Given the significance of an accusation of

15

spoliation and the potential sanctions a court could impose, courts must analyze that mental state

16

when determining first whether spoliation even occurred.  The elements of spoliation are:

17

18
(1) That the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind;' and (3) that the evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

19

20
*Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 989 (N.D. Cal 2012).

The duty to preserve evidence precedes the filing of the complaint, attaching as soon as a

21

22
party "should reasonably know the evidence may be relevant to anticipated litigation."  *Surowiec v.*

*Capital Title Agency, Inc*., 790 F.Supp.2d 997, 1005 (D.Ariz. 2011).  A party engages in spoliation

23

as a matter of law if there is some notice that the documents were potentially relevant to the

KING COUNTY'S RESPONSE TO MOTION FOR
SANCTIONS [2:18-cv-01736-JCC] - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

litigation before they were destroyed. *United States v. Kitsap Physicians*, 314 F.3d 995, 1001–02 (9th Cir.2002). "Where a 'letter openly threatens litigation, then the recipient is on notice that litigation is reasonably foreseeable and the duty to preserve evidence relevant to that dispute is triggered.'" *Surowiec* 790 F.Supp.2d at 1006, citing *Goodman v. Praxair Servs., Inc.,* 632 F.Supp.2d 494, 511 (D.Md.2009). The party requesting sanctions has the burden of proof on such a claim. *Akiona v. United States,* 938 F.2d 158, 161 (9th Cir. 1991). The standard of proof appears to be a preponderance of evidence. *In re Napster Inc. Copyright Litigation*, 462 F.Supp.2d 1060, 1072 (N.D.Cal.2006).

B.     **Spoliation did not occur**

The Ninth Circuit has held that a party does not engage in spoliation when, without notice of the evidence's potential relevance, it destroys the evidence according to its policy or in the normal course of its business. *United States v. $40,955.00 in U.S. Currency*, 554 F.3d 752, 758 (9th Cir.2009), citing *United States v. Kitsap Physicians Service*, 314 F.3d 995, 1001–02 (9th Cir.2002). Defendants engage in spoliation of documents as a matter of law only if they had "some notice that the documents were potentially relevant" *to the litigation* before they were destroyed (emphasis added). *Kitsap Physicians Serv.*, 314 F.3d at 1001–02, *citing Akiona*, 938 F.2d at 161. In *Kitsap Physicians Serv.*, documents at issue were destroyed pursuant to the organizations standard retention policies two years before the lawsuit was filed. The Court found that the lawsuit "could not have provided the notice required to establish a valid claim of spoliation."

"[T]rial courts in [the Ninth] Circuit generally agree that, '[a]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action.'" *Apple Inc. v. Samsung Elec. Co.*, 888 F. Supp. 2d 976, 991. "Circuit courts describe the duty to preserve evidence as attaching when a party should know that evidence may be

KING COUNTY'S RESPONSE TO MOTION FOR
SANCTIONS [2:18-cv-01736-JCC] - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

relevant to litigation that is anticipated, or reasonably foreseeable." *PacifiCorp v. Nw. Pipeline GP*, 879 F. Supp. 2d 1171, 1188 (D. Or. 2012) (internal quotation marks omitted).

The facts in this case are identical to that of *U.S. v. Kitsap Physicians Serv.*.  Notice of the lawsuit was given at the time of the filing of the tort claim form, on April 27, 2018.  Prior to that, the only potential notice was from the incident itself, and that does not give rise to notice of the litigation.

Plaintiff conflates KCCF's efforts to prepare the case for criminal prosecution with knowledge that the video would be relevant to future litigation.  However, this analysis is inconsistent with spoliation caselaw, which requires an intentionality to deprive a party of necessary materials and undermine the integrity of the judicial process.  Knowledge of potential litigation for spoliation requires more specificity of the particular litigation.   See, *Bolding v. Banner Bank*, 2020 WL 2614733 (W.D. Wash. 2020) (filing of the complaint triggered notice of the litigation.)  The fact that the assault occurred does not trigger knowledge that civil litigation is reasonably foreseeable. *See Kitsap Physicians Serv.*, 314 F.3d at 1001 (holding that an internal investigation with review by legal counsel does not impose a duty to preserve), *Sudre v. The Port of Seattle*, 2016 WL 7035062, at *24–26 (W.D. Wash. 2016) (incident of slip and fall at the airport did not trigger notice of potential litigation).   "Where a party has a long-standing policy of destruction of documents on a regular schedule, destruction that occurs in line with the policy is relatively unlikely to be seen as spoliation." Micron Tech., Inc. v. Rambus, Inc., 645 F.3d 1311, 1320 (9th Cir. 2011).

Plaintiff relies heavily on this Court's prior ruling in *Ski Lifts Inc. v. Schaeffer Mfg. Co.,* 2020 WL 1492676 (W.D. Wash 2020*).*   However, the facts of that case are highly distinguishable from those here.  In *Ski Lifts,* the items destroyed by plaintiff were the critical subject of the dispute and inspecting them was the only way for the defendant to present a defense.  The dispute in *Ski Lifts*

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

was obvious at the time of the destruction, given the interactions between the parties.  Plaintiff had already filed a claim with defendant's insurer, and plaintiff destroyed the key items while vigorously pursuing the claim with the insurer and just before filing the lawsuit.

Here, in contrast to *Ski Lifts*, there was no indication of pending litigation.  This matter was not filed until years later, and far past the time that the video had been overwritten under standard operation of the video recording system.

Federal rules recognize that a distinctive feature of computer operations is the potential for deletion of material in the routine course of business that is unrelated to any litigation and which may occur without the operator's direction or awareness.  Accordingly, F.R.C.P. 37(3) provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> > (1) Upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> > (2) Only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> > > (A) Presume that the lost information was unfavorable to the party;
> > > (B) Instruct the jury that it may or must presume the information was unfavorable to the jury; or
> > > (C) Dismiss the action or enter a default judgment.

Plaintiff argues that the most severe sanction should be utilized in this case; however, Plaintiff provides no evidence that Defendant acted with the intent to deprive or engaged in deception.  As a result, sanctions should be denied.

## C.    Sanctions are inappropriate

District courts may impose sanctions for spoliation of evidence as part of their inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *In re Napster, Inc. Copyright Litigation*, 462 F.Supp.2d at 1066 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). Courts may sanction parties

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   responsible for spoliation of evidence in a variety of ways. First, a court may instruct the jury that it

2   may draw an adverse inference to the party or witness responsible for destroying the evidence. *See*

3   *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir.1993). Second, a court may exclude witness

4   testimony based upon the destroyed evidence and proffered by the party responsible for destroying

5   the evidence. *Id.* at 1329. Third, the court may dismiss the claim of the party responsible for

6   destroying the evidence. Terminating sanctions, such as dismissal or a directed verdict, are only

7   appropriate where "a party has engaged deliberately in deceptive practices that undermine the

8   integrity of judicial proceedings." *Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir.2006)

9   (*citing Anheuser–Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir.1995).

10        Before imposing harsh dispositive sanctions, a court must consider the following factors:

11        (a) the public's interest in expeditious resolution of litigation; (b) the court's need to
          manage its docket; (c) the risk of prejudice to the party seeking sanctions; (d) the public
12        policy favoring disposition of cases on their merits; and (e) the availability of less drastic
          sanctions. *See Leon*, 464 F.3d at 958 (citing *Anheuser–Busch*, 69 F.3d at 348).
13
14        While the court need not make explicit findings as to each factor, "a finding of 'willfulness,

15   fault, or bad faith'" and consideration of "'less severe alternatives' than outright dismissal" are

16   required. *Id.* (*quoting Anheuser-Busch*, 69 F.3d at 348; *Wiltec Guam, Inc. v. Kahaluu Constr. Co.*,

     857 F.2d 600, 604 (9th Cir. 1988)).
17
18        The plaintiff seeks a sanction that should be "the most severe the law allows."  A directed

19   verdict, as sought by plaintiff, is so severe that it is the equivalent of terminating sanctions.  It has

20   the same effect.  "Before terminating sanctions can be ordered, Court must consider risk of prejudice

21   to the party seeking sanctions." *Leon*, 464 F.3d at 958.  "The prejudice inquiry looks to whether the

22   spoiling party's actions impaired the non-spoiling party's ability to go to trial or threatened to

23   interfere with the rightful decision of the case." *Leon* 464 F.3d at 959.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1  The Plaintiff cannot demonstrate prejudice.  Per Paul Allyn, the video would have captured

2  the movements and major characteristics of Carl Anderson.  It would not have captured sound.

3  There is no indication that facial characteristics would have been captured.  The demeanor of Carl

4  Anderson just prior to the assault was noted by Cantrell Winston, another inmate who was present at

5  the time. *Dkt. 55-5, pp. 19-20.*  Further evidence of plaintiff's demeanor following the assault was

6  noted by Acting Sergeant Gaynor. *Montgomery Decl. ¶ 12, Ex. D.*  While the video would have

7  likely shown the assault on Plaintiff, there is no dispute that event occurred and was unprovoked

8  Plaintiff has the evidence of the conviction, which was prosecuted by King County.  Plaintiff cannot

9  show the prejudice from the lack of video evidence, and thus the motion for sanctions, particularly

10  the harsh sanction of a directed verdict, should be denied.

11  ## VI.   CONCLUSION

12  For the Foregoing reasons, King County respectfully requests that the Plaintiff's Motion for

13  Sanctions be denied.

14  DATED this 20th day of September, 2021.

15  DANIEL T. SATTERBERG
   King County Prosecuting Attorney

16

17  By: */s/ JERRY L. TAYLOR*
   JERRY L. TAYLOR, WSBA #40739
   By:*/s/ AMY MONTGOMERY*

18  AMY MONTGOMERY, WSBA #32068
   Senior Deputy Prosecuting Attorneys

19  500 Fourth Ave., 9th Floor
   Seattle, WA.  98104

20  Telephone: (206) 296-8820
   Fax: (206) 296-8819

21  E-Mail: jerry.taylor@kingcounty.gov
   E-mail: amy.montgomery@kingcounty.gov

22  Attorneys for Defendant King County

23

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

## <u>CERTIFICATE OF FILING AND E-SERVICE</u>

2

I hereby certify that on September 20, 2021, I electronically filed the foregoing document

3

with the Clerk of the Court using the electronic filing system and by agreement of the parties a copy

4

was served electronically on the following:

5

Jay H. Krulewitch, WSBA #17612

6

Attorney for Plaintiff
2611 NE 113th St., Suite 300
Seattle, WA 98125

7

(206) 233-0828
jay@krulewitchlaw.com

8

9

Tim Ford, WSBA #5986
Tiffany M. Cartwright, WSBA #43564
Attorneys for Plaintiff

10

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500

11

Seattle, WA 98104
(206) 622-1604

12

timf@mhb.com
tiffanyc@mhb.com

13

I declare under penalty of perjury under the laws of the United States and the State of

14

Washington that the foregoing is true and correct.

15

DATED this 20th day of September, 2021.

16

17

18

Mallory R. Triplett
Legal Secretary - Litigation Section
King County Prosecuting Attorney's Office

19

20

21

22

23

KING COUNTY'S RESPONSE TO MOTION FOR
SANCTIONS [2:18-cv-01736-JCC] - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819